B 27 (Official Form 27) (12/13)

# UNITED STATES BANKRUPTCY COURT
Western District of Washington

In re James W. McDonald,
_____Debtor_____

Case No. 14-17019
Chapter 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: FreedomRoad Financial

2. Amount of the debt subject to this reaffirmation agreement:
   $ 4,355.97 on the date of bankruptcy  $ 4,355.97 to be paid under reaffirmation agreement

3. Annual percentage rate of interest: 6.99 % prior to bankruptcy
   6.99 % under reaffirmation agreement ( ✓ Fixed Rate ___ Adjustable Rate)

4. Repayment terms (if fixed rate): $ 143.04 per month for 34 months

5. Collateral, if any, securing the debt: Current market value: $ 6,165.00
   Description: 2012 TRIUMPH BONNEVILLE, VIN#SMT905RN3CT528669

6. Does the creditor assert that the debt is nondischargeable? ___ Yes ✓ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

**Debtor's Schedule I and J Entries**

7A. Total monthly income from $ 2463.84
    Schedule I, line 12

8A. Total monthly expenses $ 2495.00
    from Schedule J, line 22

9A. Total monthly payments on $ -0-
    reaffirmed debts not listed on
    Schedule J

**Debtor's Income and Expenses as Stated on Reaffirmation Agreement**

7B. Monthly income from all $ 2463.84
    sources after payroll deductions

8B. Monthly expenses $ 2495.00

9B. Total monthly payments on $ -0-
    reaffirmed debts not included in
    monthly expenses

10B. Net monthly income ⟨$ 31.16⟩
     (Subtract sum of lines 8B and 9B from
     line 7B. If total is less than zero, put the
     number in brackets.)

11. Explain with specificity any difference between the income amounts (7A and 7B):

    N/A

12. Explain with specificity any difference between the expense amounts (8A and 8B):

    N/A

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____     _____
Signature of Debtor (only required if         Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                   required if line 11 or 12 is completed)

**Other Information**

[X] Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:

Expense included in Sch. J Best Effort

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
   _X_Yes         ____No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
   _X_Yes         ____No

**FILER'S CERTIFICATION**

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

_____
Print/Type Name & Signer's Relation to Case

> Check one.
> ☐ Presumption of Undue Hardship
> ☒ No Presumption of Undue Hardship
> *See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT
Western District of Washington

In re James W. McDonald, *Debtor*

Case No. 14-17019

Chapter 7

## REAFFIRMATION DOCUMENTS

**Name of Creditor:** FreedomRoad Financial

☐ Check this box if Creditor is a Credit Union

### PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: Promissory Note & Security Agreement
*For example, auto loan*

B. *AMOUNT REAFFIRMED*: $ 4,355.97

   The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before _____, which is the date of the Disclosure Statement portion of this form (Part V).

   *See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The *ANNUAL PERCENTAGE RATE* applicable to the Amount Reaffirmed is 6.99 %.

   *See definition of "Annual Percentage Rate" in Part V, Section C below.*

   This is a *(check one)* ☒ Fixed rate       ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

☐ $_____ per month for _____ months starting on _____.

☒ Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

$143.04/mo. until paid in full. Except as modified below, the terms of the attached Promissory Note and Security Agreement are hereby incorporated by reference. This reaffirmation agreement is void if the underlying security agreement is determined to be unenforceable or invalid by the Bankruptcy or other Court of competent jurisdiction

E. Describe the collateral, if any, securing the debt:

Description:             2012 TRIUMPH....528669
Current Market Value     $              6,165.00

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

☒ Yes. What was the purchase price for the collateral?     $         9,549.30

☐ No. What was the amount of the original loan?            $

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due *(including fees and costs)* | $_____ | $_____ |
| Annual Percentage Rate | _____% | _____% |
| Monthly Payment | $_____ | $_____ |

H. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

## PART II.  DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

Check one.  ☒ Yes   ☐ No

B. Is the creditor a credit union?

Check one.  ☐ Yes   ☒ No

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

1. Your present monthly income and expenses are:

    a. Monthly income from all sources after payroll deductions (take-home pay plus any other income)    $ **2463.84**

    b. Monthly expenses (including all reaffirmed debts except this one)    $ **2320.80**

    c. Amount available to pay this reaffirmed debt (subtract b. from a.)    $ **143.04**

    d. Amount of monthly payment required for this reaffirmed debt    $ **143.04**

    *If the monthly payment on this reaffirmed debt (line d.) is **greater than** the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

2. You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

    Check one of the two statements below, if applicable:

    ☐ You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

    ☒ You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

    **Expense included in Sch. J Best Effort**

    Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

    ☐ You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

## PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1) I agree to reaffirm the debt described above.

(2) Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3) The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4) I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5) I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date 11/20/2014   Signature _____
                            *Debtor*

Date _____   Signature _____
                            *Joint Debtor, if any*

**Reaffirmation Agreement Terms Accepted by Creditor:**

Creditor  FreedomRoad Financial, c/o CRG,   1790 E. River Rd., Ste. 101, Tucson, AZ 85718
          *Print Name*                       *Address*

          Nichlas P. Spallas                 _____  11/25/14
          *Print Name of Representative*     *Signature*              *Date*

## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date 11-24-14   Signature of Debtor's Attorney _____

                Print Name of Debtor's Attorney   RILEY LEE

# STATE OF WASHINGTON
## Vehicle Certificate of Title



Title Number
**1212401646**

| License Number | Vehicle Identification Number (VIN) | Year | Make | Model | Style | Series/Body |
|---|---|---|---|---|---|---|
| 9B7351 | SMT905RN3CT528669 | 2012 | TRUM | USA | RS | AMERICA |

| Date of Application | Odometer Miles | Odometer Status | Fuel Type |
|---|---|---|---|
| 05/03/2012 | 0000001 | A | G |

| Scale Weight | Gross Vehicle Weight Rating Code | Vehicle Color | Prior Title State | Prior Title Number |
|---|---|---|---|---|
| 00520 | | BLACK | | |

Comments
8299 2012

Brands:

Sale price $ _____

Date of sale _____

**Legal Owner:** To release interest, sign below and give this title to the registered owner/transferee or to a vehicle licensing office with the proper fee within 10 days of satisfaction of the security interest, or you may be liable to the owner/transferee for penalties.
**Buyer:** You must apply for title within 15 calendar days of acquiring the vehicle to avoid a penalty. Take this signed title to a vehicle/vessel licensing office with the appropriate fees.

Legal Owner
**FREEDOMROAD FINANCIAL**
PO BOX 18218
RENO, NV 89511

Registered Owner
**MCDONALD, JAMES W**
12824 DUBUQUE RD
SNOHOMISH, WA 98290

X _____ Date _____
Signature of first legal owner releases all interest in the vehicle described above. If signing for a business, include business name, signature, and title.

X _____ Date _____
Signature of registered owner releases all interest in the vehicle described above. If signing for a business, include business name, signature and title.

X _____ Date _____
Signature of second legal owner releases all interest in the vehicle described above. If signing for a business, include business name, signature, and title.

X _____ Date _____
Signature of registered owner releases all interest in the vehicle described above. If signing for a business, include business name, signature, and title.

I certify that the records of the Department of Licensing show the persons named hereon as registered owners and legal owners of the vehicle described.

*Director, Department of Licensing*

Federal regulation and state law require you to state the mileage when transferring ownership if the vehicle is less than 10 years old, unless exempt. Failure to complete this statement or providing a false statement may result in fines and/or imprisonment.

I certify, to the best of my knowledge, the odometer reading is: ▶ _____ (no tenths) Transfer date __/__/__
Odometer reading in miles

This reading is (check one): ☐ the actual mileage of the vehicle ☒ in excess of its mechanic limits ☐ not the actual mileage.

Signature of transferee/buyer
X _____

Signature of transferor/seller
X _____

PRINTED name of transferee/buyer

PRINTED name of transferor/seller

Address of transferee/buyer

Address of transferor/seller

*Keep in a safe place. Any alteration or erasure voids this title.*

[VOID watermark across document]



FREEDOMROAD FINANCIAL
PO BOX 18218
RENO NV 89511-0218

333 102
1
31119

**Reassignment by vehicle dealer**

Federal regulation and state law require you to state the mileage when transferring ownership if the vehicle is less than 10 years old, unless exempt. Failure to complete this statement or providing a false statement may result in fines and/or imprisonment.

*I certify, to the best of my knowledge, the odometer reading is:* ➡ ______________ (no tenths) Transfer date_____/_____/_____
Odometer reading in miles

*This reading is (check one):* ☐the actual mileage of the vehicle ☐in excess of its mechanic limits ☐not the actual mileage.

| | |
|---|---|
| Signature of transferee/buyer<br>**X** | Signature of transferor/seller<br>**X** |
| PRINT name of transferee/buyer | PRINT name of transferor/seller |
| Address of transferee/buyer | Address of transferor/seller |
| Buying dealer's state license number (if applicable) | Selling dealer's state license number (if applicable) |

**Reassignment by vehicle dealer**

Federal regulation and state law require you to state the mileage when transferring ownership if the vehicle is less than 10 years old, unless exempt. Failure to complete this statement or providing a false statement may result in fines and/or imprisonment.

*I certify, to the best of my knowledge, the odometer reading is:* ➡ ______________ (no tenths) Transfer date_____/_____/_____
Odometer reading in miles

*This reading is (check one):* ☐the actual mileage of the vehicle ☐in excess of its mechanic limits ☐not the actual mileage.

| | |
|---|---|
| Signature of transferee/buyer<br>**X** | Signature of transferor/seller<br>**X** |
| PRINT name of transferee/buyer | PRINT name of transferor/seller |
| Address of transferee/buyer | Address of transferor/seller |
| Buying dealer's state license number (if applicable) | Selling dealer's state license number (if applicable) |

Legal owner/Lienholder to be recorded and shown on the new Vehicle Certificate of Title:

______________________________ ______________________________
Name of legal owner/lienholder Address of legal owner/lienholder

Legal owner/Lienholder customer account number ______________________________
Washington driver license number or Unified Business Identifier (UBI)

# PROMISSORY NOTE, DISCLOSURE AND SECURITY AGREEMENT

**FreedomRoad Financial**
LENDER __A DIVISION OF EVERGREEN BANK GROUP__

**BORROWER(S)**

DEALER __I-90 MOTORSPORTS__

NAME __JAMES MCDONALD__

ADDRESS __12524 DUBUQUE RD__

NAME ____

ADDRESS __SNOHOMISH      WA  98290__

ADDRESS ____

## DESCRIPTION OF MOTOR VEHICLE PURCHASED:

| New or Used | Year | Make and Model | Vehicle Identification Number | Use For Which Purchased |
|---|---|---|---|---|
| ☒ New ☐ Used | 2012 | TRIUMPH BONNEVILLE | SMT905RN3CT528559 | ☒ Personal ☐ Business |

### TRUTH-IN-LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 6.99% | $1355.85 (e) | $7225.55 | $8582.40 (e) |

(e) means an estimate
Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 60 | $143.04 | Monthly Beginning 5/31/2012 |

**Security:** You are giving Us a security interest in the Motor Vehicle being purchased.
**Late Charge:** If a payment is more that 10 days late, You will be charged five percent (5%) of the full amount of the scheduled payment.
**Filing Fee:** $ ____
**Prepayment Charge:** If You pay off early, You will not have to pay a penalty; and will not be entitled to a refund of a part of the finance charge.
See Your contract documents for any additional information about nonpayment, default, any required prepayment in full before the scheduled date, and prepayment penalties.

### ITEMIZATION OF AMOUNT FINANCED

1. Cash Sale Price (including any accessories, extras, services, and taxes) .......... $ __9,549.30__ (1)
2. Total Downpayment = Net Trade-in $ __$0.00__ + Cash Downpayment $ __$2500.00__
   Your Trade-in is a ____ .......... $ __$2,500.00__ (2)
3. Unpaid Balance of Cash Price (Amount paid on Your Account) (1 minus 2) paid to dealer .......... $ __$7,049.30__ (3)
4. Amounts Paid to Others on Your Behalf:
   A. To: Credit Insurance Company (single life) .......... $ _____ *
   B. To: Credit Insurance Company (joint life) .......... $ _____ *
   C. To: Accident and Health Insurance Company .......... $ _____ *
   D. To: Public Officials For Title, License, Lien Fee and Registration Fees (Itemize) .......... $ __$76.25__
   E. Other Charges (Identify Who Must Receive Payment and Describe Purpose)
      To: ____ For Service Contract        $ __$0.00__ *
      To: ____ For Debt Cancellation Coverage  $ _____ *
      To: ____ For: ____                   $ _____ *
      To: __I-90 MOTORSPORTS__ For: __DOC FEE__  $ __$100.00__ *
      Total Other Charges and Amounts Paid to Others on Your Behalf .......... $ __$176.25__ (4)
5. Prepaid Finance Charges:
   A. Loan Processing Fee .......... $ _____ *
   B. Other: ____ .......... $ _____
   Total Prepaid Finance Charges .......... $ _____ (5)
6. Principal Amount (3 + 4 + 5) .......... $ _____ (6)
7. Amount Financed (6 minus 5) .......... $ __$7225.55__ (7)

*Dealer may share in or receive a portion of these amounts.

|   | To: _____ | For: _____ | $ _____ |   |
|---|---|---|---|---|
|   | To: ____I-90 MOTORSPORTS____ | For: ____DOC FEE____ | $ ____$100.00____ | * |
|   | Total Other Charges and Amounts Paid to Others on Your Behalf ................................... | | $ ____$175.25____ | (4) |

5. Prepaid Finance Charges:
   A. Loan Processing Fee ............................................................................. $ _____ *
   B. Other: _____ $ _____
   Total Prepaid Finance Charges ............................................................................. $ _____ (5)
6. Principal Amount (3 + 4 + 5) ............................................................................. $ _____ (6)
7. Amount Financed (6 minus 5) ............................................................................. $ ____$7225.55____ (7)

*Dealer may share in or receive a portion of these amounts.

---

**NOTICE: THE ANNUAL PERCENTAGE RATE MAY BE NEGOTIABLE WITH THE DEALER. THE DEALER MAY RECEIVE A PART OF THE FINANCE CHARGE.**

---

**CREDIT INSURANCE DISCLOSURE:** YOU ARE REQUESTING CREDIT INSURANCE INDICATED HEREIN. YOU AGREE THAT IT IS NOT REQUIRED AS A CONDITION OF THIS LOAN. Please review the information provided by the insurer for more detail concerning the terms and conditions.
Please check the appropriate box(es) and sign below if You wish to purchase insurance:

☐ Single Credit Life Insurance (Borrower only)   ☐ Credit Disability Insurance (Borrower only)
☐ Joint Credit Life Insurance
Insurer(s): _____
Address: _____
Credit Life:   Term: _____ Premium $ _____     Joint Credit Life:  Term: _____ Premium $ _____
Credit Disability: Term: _____ Premium $ _____   Other: _____   Term: _____ Premium $ _____

X_____   X_____
       Borrower                Date                          Co-Borrower              Date

---

**OPTIONAL GUARANTEED AUTO PROTECTION DISCLOSURE:** YOU ARE REQUESTING GAP COVERAGE INDICATED HEREIN. YOU AGREE THAT IT IS NOT REQUIRED AS A CONDITION OF THIS LOAN AND THAT YOU MAY PURCHASE IT FROM ANY COMPANY YOU WANT WHICH IS AUTHORIZED TO SELL SUCH COVERAGE AND IS ACCEPTABLE TO US. If You wish to purchase Gap coverage under this Agreement and You agree to pay the additional cost for the coverage, please sign below.
I request Gap coverage and agree to pay the additional cost of $ _____
The Gap company is _____ at _____
                      Name of company                              Office Address

X_____   X_____
       Borrower                Date                          Co-Borrower              Date

**PROPERTY INSURANCE:** You understand that You are required to purchase property insurance on the Motor Vehicle. You can buy this insurance through any person of your choosing acceptable to Us (please see reverse side for what could happen if You do not maintain such insurance.)
**PROMISE TO PAY:** You promise to pay to the order of FreedomRoad Financial, the Principal Amount (shown above) plus interest at the Contract Rate of ____6.99%____ from the date You sign this Agreement and continuing until Your loan is paid in full. You agree to make regular monthly payments in accordance with the payment schedule shown above. You may prepay all or any part of the unpaid principal balance without paying any penalty. If You prepay, we will not refund to You any portion of the finance charge. If we have not received the full amount of any payment by the end of ten (10) calendar days after it is due, You may be required to pay a late charge equal to five percent (5%) of the full amount of the scheduled payment. If any payment under this Agreement is made with a check or other instrument that is dishonored for any reason, You agree to pay Us a returned check fee of Twenty-five dollars ($25) in addition to any other amounts or charges You may owe Us. Interest will be charged on a daily basis of 1/365 beginning on the date You sign this Agreement to purchase or refinance the Motor Vehicle described above and continuing until the full amount of the principal balance has been paid. This means the amount of interest You pay will be less if You make your payments early and more if You pay late.
**ADDITIONAL TERMS AND CONDITIONS.** Please see the reverse side for additional terms and conditions. You are bound by these terms in the same manner as if they were printed on the front.
**SIGNATURE.** By signing below, You agree to all of the terms of this Agreement and request Us to issue the proceeds of this Note. You acknowledge receiving a copy of this Agreement.
**NOTICE TO COSIGNER.** You are being asked to guarantee this debt. As a co-signer You are responsible for paying the entire debt. If the borrower doesn't pay the debt, You will have to. Be sure You can afford to pay if You have to and that You want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs which incoases this amount. FreedomRoad Financial can collect this debt from You without first trying to collect from the borrower. FreedomRoad Financial can use the same collection methods against You that can be used against the borrower, such as suing You, garnishing Your wages, etc. If this debt is ever in default, that fact may become a part of Your credit record. This notice is not the contract that makes You liable for the debt.

**NOTICE TO CONSUMER. (1) Do not sign this Agreement before You read it; (2) You are entitled to a copy of this Agreement: (3) You may, at any time, prepay the unpaid balance of this Agreement.**

**CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE ENTIRE CONTRACT BEFORE YOU SIGN IT.**

X _____(signature)_____  05/01/12   X_____
     Borrower's Signature         Date            Borrower's Signature            Date


Borrower's Signature                            Date

FR020107

White - Original - FreedomRoad    Canary - FreedomRoad Copy    Pink - Dealer Copy    Gold - Borrower Copy

# ADDITIONAL TERMS AND CONDITIONS

**1. DEFINITIONS.** "You" or "Your" means each borrower and each other person or entity who agrees to pay this Note and therefore agrees to the terms of this Note. "We" or "Us" means FreedomRoad Financial and its parent Evergreen Private Bank, collectively referred to as the Lender and its successors and assigns. The terms, "Contract," "Agreement," "Loan," and "Note" are used interchangeably.

**2. APPLICABLE LAWS.** The laws of the state where the Lender's lien has been recorded applies as to matters regarding the Lender's security interest in the Motor Vehicle. The laws of the United States, and as to the rate of interest and other related fees due and owing under this Agreement, the laws of the State of Illinois shall apply.

**3. OWNERSHIP AND RISK OF LOSS.** You agree to pay the Lender all You owe under this Contract even if the Motor Vehicle is damaged, destroyed or missing. You agree to keep the Motor Vehicle in good condition and repair. You agree not to remove the Motor Vehicle from the United States, and not to sell, rent, lease or otherwise transfer any interest in the Motor Vehicle, or this Contract without the Lender's express written permission. You agree to protect the Motor Vehicle from claims of third persons. You agree not to expose the Motor Vehicle to misuse or confiscation. You will make sure the Lender's security interest is perfected and a lien on the Motor Vehicle is shown on the title, or other documentation acceptable to the Lender. You agree to provide all acts, things and writings as the Lender may at any time request to protect or enforce its rights in the Motor Vehicle and other collateral. You will not do anything to defeat the Lender's lien. If the Lender pays any repair bills, storage costs, taxes, fines, DMV fees or other charges on or for the Motor Vehicle, (although the Lender is not required to do so on Your behalf) You agree to repay the amount when the Lender asks for it.

**4. SECURITY INTEREST.** You grant the Lender a purchase money security interest in the Motor Vehicle stated on the front of this Contract and any of the following items that are purchased and financed in connection with this Contract: a) any accessories, equipment, and replacement parts installed on the Motor Vehicle; b) any insurance premiums and charges for service or GAP products returned to the Lender; c) any proceeds of insurance policies, service or GAP products on the Motor Vehicle; and d) any proceeds of insurance policies on Your life or health which are financed through this Contract. The purchase money security interest is in addition to any other security interest or lien the Lender holds or which you are required to provide as a condition of the Note. This secures payment of all amounts You owe on the Contract and on any transfer, renewal, or extension of this Contract. It also secures Your other agreements in this contract. To the extent permitted law, the Collateral under this Contract also secures Your other obligations to the Lender, whether now owning or incurred hereinafter.

**5. REQUIRED PHYSICAL DAMAGE INSURANCE.** You agree to have physical damage insurance covering loss or damage to the Motor Vehicle for the term of this Agreement, showing the Lender as "additional insured and loss payee." At any time during the term of this Agreement, if You do not have physical damage insurance which covers both interests in the Motor Vehicle, We may, if We decide, buy insurance which covers our interest only. We are under no obligation to buy insurance, but may do so if We desire. If We buy either of these coverages, We will let You know what type it is and the charge you must pay. We may either ask for immediate reimbursement from You for the cost of such insurance or may add the insurance premium to the unpaid principal amount on this Agreement. If the insurance premium is added to the unpaid principal amount of this Agreement, interest will be charged on the insurance premium at the Annual Percentage Rate disclosed in this Agreement, and You agree to pay the insurance premium with interest in equal installments along with the payments shown on the payment schedule. You understand and agree that if We purchase any physical damage insurance, We will be acting in our interest only. You further understand and agree that the purchased insurance will not contain any liability coverages, will only cover our interest in the Motor Vehicle, may have deductible amounts different than those in Your provided insurance, and may be more expensive

**9. DEFAULT.** You will be in default under the Note or other parts of the Agreement if any one or more of the following events occurred: 1) You fail to make a monthly payment within ten (10) days of its due date or any other payment when due; 2) You provide Us false or misleading information in connection with this loan; 3) You die or are declared incompetent; 4) You fail to pay or keep any other promise or any other loan You may have with Us; 5) the Motor Vehicle is damaged or stolen; 6) You breach any agreement or covenant in this Agreement.

**10. FAILURE TO PAY OR KEEP PROMISES AS REQUIRED.** If You do not pay Us as agreed or You are otherwise in default or if an event occurs which substantially reduces the value of the Motor Vehicle which materially impairs Your prospects to pay under this Agreement. We may, at our option, declare the entire unpaid principal amount to be immediately due and owing. You will, following such event, at our request, deliver the Motor Vehicle to a place We designate which is reasonably convenient to both You and Us.

**11. CREDIT REPORTING.** You agree that We may request a consumer credit report in connection with Your application, and in connection with an update, renewal, or extension of the credit for which the application is made.

**12. INTEGRATION AND SEVERABILITY.** This agreement contains the entire agreement between You and Us. If any part of this agreement is invalid, all other parts of the agreement will remain valid.

**13. NON-WAIVER.** You agree not to send Us partial payments marked "paid in full", "with prejudice", "without recourse" or any similar restrictive endorsements. If you send these items or complaints to our lockbox or address specified for payment, they shall not be deemed received and the endorsement will not be effective against Us even though We cashed the checks on which such endorsements are contained.

**14. NOTICE OF LIMITED AGENCY.** The dealer has no authority to approve or to make this loan. The dealer is not our agent in connection with the sale of the Motor Vehicle You are purchasing with the proceeds of this loan. The dealer is only authorized to prepare the loan documents and to obtain Your signatures.

**15. CUSTOMER INDENTIFICATION NUMBER (CIP).** Pursuant to requirements of law, including the USA PATRIOT Act, We are obtaining information and will take necessary actions to verify Your identity.

**16. REPOSSESSION OF THE MOTOR VEHICLE FOR FAILURE TO PAY.** If You fail to pay according to the payment schedule or if You break any of the agreements in this Agreement (default), We can take the Motor Vehicle from You (repossession) subject to any right to cure default You may have. To take the Motor Vehicle, We can go on Your land or anywhere the Motor Vehicle is located so long as it is done peacefully. If there are any personal belongings in the Motor Vehicle such as clothing, furniture, and tools, We may store the items. However, We do not have to store them and will not be responsible for the items beyond what the law may require. Any accessories, equipment or replacement parts will remain with the Motor Vehicle.

**17. GETTING THE MOTOR VEHICLE BACK AFTER REPOSESSION.** If We repossess the Motor Vehicle, then at least 15 days before selling the Motor Vehicle We will send to You a notice of sale disclosing that You have the right to redeem the Motor Vehicle by paying the accelerated balance and other costs of repossession. Under certain circumstances, You may have the right to reinstate the account by paying past due payments plus any late charges; the cost of taking and storing the Motor Vehicle and other expenses that We have or our assignee has had. We will use the net proceeds of the sale to pay all or part of Your debt. If You owe less than the net proceeds of sale, We will pay You the difference, unless We are required to pay it to someone else. For example, We may be required to pay a lender who has given You a loan and also taken a security interest in the Motor Vehicle. If You owe more than the net proceeds of sale, You will pay Us the difference between the net proceeds of the sale and what You owe when We ask for it. If You do not pay this amount when asked, We will charge interest on it. If You have wrongfully damaged the Motor